**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE E. AVILEZ, as an individual and on behalf of all others similarly situated, | No. 13-55154 |
| | D.C. No. 8:11-cv-00493-DOC-RZ |
| Plaintiff - Appellee, | |
| v. | MEMORANDUM[*] |
| PINKERTON GOVERNMENT SERVICES, INC., a corporation, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 10, 2015
Pasadena, California

Before: KOZINSKI, CHRISTEN, and HURWITZ, Circuit Judges.

In this action raising claims under the California meal break statute,

California Labor Code § 226.7, Pinkerton Government Services, Inc. appeals the

district court's order granting Catherine Avilez's motion to certify various classes

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of current and former Pinkerton employees. We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f). We vacate the district court's order and remand for entry of a revised class certification order.

1.     The district court did not abuse its discretion by striking Pinkerton's expert survey and supporting declarations. Pinkerton failed to timely identify its expert, the survey instrument, and the identities and contact information for its employee declarants. Fed. R. Civ. P. 26(a)(1)(A).

2.     Pinkerton waived its Rules Enabling Act argument by not raising it in opposition to the motion for class certification.

3.     The district court abused its discretion to the extent it certified classes and subclasses that include employees who signed class action waivers. Avilez's arbitration agreement does not contain a class action waiver and counsel did not dispute that those who signed such waivers have potential defenses that Avilez would be unable to argue on their behalf. To the extent the classes and subclasses include individuals who signed class action waivers, Avilez is not an adequate representative, Fed. R. Civ. P. 23(a)(4), and her claim lacks typicality, Fed. R. Civ. P. 23(a)(3).

4.     If individuals who signed class action waivers are excluded from the "Meal Break" and "Wage Statement" subclasses, then these subclasses, along with the

2

"No-Signed-Waiver" subclass, would satisfy Federal Rules of Civil Procedure 23(a)(1)–(4). We need not decide whether these subclasses, as modified, would satisfy the predominance requirement of Rule 23(b)(3). On remand, the district court shall certify a class under Federal Rule of Civil Procedure 23(c)(4) on the issue whether there exists a prima facie case for liability. If a prima facie case exists, the district court may proceed to entertain Pinkerton's affirmative defenses and cull the class accordingly.

5.    The district court did not abuse its discretion by granting class certification on Avilez's unfair business practices claim, which is derivative of her other claims.

6.    Because the Meal Break and Wage Statement subclasses include employees who signed class action waivers, the district court's class certification order is vacated. On remand, the district court shall enter a new certification order consistent with this decision.

7.    Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**

3